DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, that found appellant Antoine C. to be a delinquent child and committed him to the legal custody of the Ohio Department of Youth Services. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "1. The trial court accepted Antoine's waiver of counsel without proper assurance that the waiver was knowing, intelligent and voluntary.
 "2. Antoine was deprived of his liberty without his right to a trial when the magistrate judged him to be a delinquent on the basis of an admission that did not comport with the requirements of Juv.R. 29(D).
 "3. The trial court erred in failing to comply with Juv.R. 29(B)(1)."
The facts that are relevant to the issues raised on appeal are as follows. On June 17, 1999, appellant appeared before the Lucas County Juvenile Court on charges of burglary, criminal damaging, petty theft and violating his parole.This court notes preliminarily that, while appellant's arguments in his brief relate to all of the charges brought against him, a notice of appeal was filed only as to the disposition and commitment on the burglary offense. The state raised this defect in its brief, and appellant, in his reply brief, conceded that he had failed to file notices of appeal as to the findings on the criminal damaging, petty theft and parole violation charges. Appellant withdrew any claimed errors as to those matters.
At the hearing, the magistrate reviewed the charges against appellant and the possible penalties for each. The magistrate then addressed Antoine as follows:
 "THE COURT: Now, on all your charges you have the right to remain silent, and that means you do not have to say anything and your silence cannot be used against you. You do have the right to an attorney and if you qualify, the Court will appoint you one at no expense. And you have the right to have a trial, and at the trial the state of Ohio would have to prove that you did what you're accused of beyond a reasonable doubt. You would be able to confront the state's witnesses and bring in your own witnesses to testify on your behalf.
"Antoine, did you understand what your rights were?"
Antoine responded that he did understand and the magistrate then addressed Antoine's mother and discussed with her whether the family qualified for a court-appointed attorney. The magistrate asked Antoine if he wanted to talk to an attorney and Antoine said he did not. The following exchange then took place:
"THE COURT: Okay. What would you like to do then?
"MR. C.: Just admit to them.
"THE COURT: Admit to all of them?
"MR. C.: Yep.
 "THE COURT: Well, in order to do that you have to give up your right to remain silent because I'm going to have to ask you questions about every one of these instances and based on what you say, you could be found delinquent of, you know, criminal damaging, burglary and petty theft and violating court orders; do you understand that?
"MR. C.: (Non verbal answer.)
 "THE COURT: You would also not have an attorney represent you and you would not have a trial, and that means that the state of Ohio is not going to have to prove that you did what you are accused of beyond a reasonable doubt and you will not confront their witnesses and you would not bring in your own witnesses to testify on your behalf; do you understand that?
"MR. C.: Yes.
 "THE COURT: Do you understand that on the burglary charge you could be facing a commitment for a minimum period of three years if your prior commitments were added to that, and you could be looking at a $1,000 fine and on all your other charges you could be looking at a minimum commitment of two years; do you understand that?
"MR. C.: Uh-huh.
 "THE COURT: Are you under the influence of drugs or alcohol at this time?
"MR. C.: No.
 "THE COURT: Have you been threatened or promised anything to say that you committed these crimes?
"MR. C.: No.
 "THE COURT: Okay. I'm going to give you some waiver forms to read, okay."
The magistrate found appellant delinquent in violation of R.C. 2911.12, burglary. The trial court thereafter adopted the magistrate's decision and entered judgment.
As to the burglary offense, appellant asserts in his assignments of error that the magistrate accepted his waiver of counsel without proper assurance that the waiver was knowing,
intelligent and voluntary; that the magistrate found him to be delinquent on the basis of an admission that did not comport with Juv.R. 29(D); and that the trial court did not comply with the notice requirements of Juv.R. 29(B)(1).
Juv.R. 40(E)(3)(a) states:
 "* * * Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the decision. * * *"
Juv.R. 40(E)(3)(b) states:
 "* * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
It is undisputed that, in this case, appellant did not file any written objections to the magistrate's decision. While some of appellant's arguments on appeal do not challenge the magistrate's findings directly, appellant raises matters that are directly related to the magistrate's findings of fact and form the basis for those findings. Appellant's assignments of error attack collaterally the magistrate's findings of fact without having properly preserved those matters for appeal through timely written objections at the trial level. See In the Matter of: Adrian W.
(Nov. 20, 1998), Lucas App. No. L-98-1102, unreported; In theMatter of: Masadies Williams (June 21, 1995), Allen App. No. 1-94-73, unreported.
Additionally, upon thorough review of the transcript of appellant's hearing, this court notes that the magistrate complied with the requirements of Juv.R. 29 as to notice, waiver of counsel and entry of an admission. The transcript, quoted in relevant part above, indicates that the magistrate questioned appellant appropriately as to his waiver of counsel and desire to enter an admission to the charges against him. As to the issue of notice, appellant has not articulated how a lack of notice, if there was one, prejudiced him. The record reflects that appellant and his mother were present at the hearing and, accordingly, appellant waived any error as to time, place and manner of service.
On consideration of the foregoing, this court finds that appellant is precluded from asserting the above matters on appeal because he did not file written objections to the magistrate's findings of fact and conclusions of law pursuant to Juv.R. 40(E). Accordingly, appellant's first, second and third assignments of error are not well-taken.
Upon consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.